[No. S096524. June 24, 2002.]

DAN ESBERG, Plaintiff and Appellant, v.
UNION OIL COMPANY OF CALIFORNIA, Defendant and Appellant;
JEFF WINSTON et al., Defendants and Respondents.

## COUNSEL

Law Offices of Dale M. Fiola, Dale M. Fiola, Mark Boling, Roger McCaffrey, William M. Pate, Ken R. Easey; Quackenbush & Quackenbush and William C. Quackenbush for Plaintiff and Appellant.

La Follette, Johnson, De Haas, Fesler & Ames, La Follette, Johnson, De Haas, Fesler, Silberberg & Ames, Alfred W. Gerisch, Jr., Dorothy B. Reyes, David J. Ozeran, Michelle M. Wolfe; and Richard Ettensohn for Defendant and Appellant and for Defendants and Respondents.

## OPINION

**KENNARD, J.**—In this case, a 53-year-old employee, with the employer's approval, pursued an undergraduate degree at company expense. Three years later, he sought employer-paid postgraduate education. When the company denied funding, plaintiff brought suit claiming unlawful age discrimination.

This case does not involve any cause of action related to wrongful termination. Instead, plaintiff raises two novel issues related to age discrimination in the furnishing of employee benefits. First, he contends that the

California Fair Employment and Housing Act (the FEHA) (Gov. Code, § 12900 et seq.)[1] prohibits an employer from discriminating on the basis of age in the terms, conditions, or privileges of employment. Second, he contends that an employer's denial of educational assistance to an employee over the age of 40 because of that employee's age violates a fundamental policy against age discrimination in employment and is therefore a common law tort for which an employee may recover damages under our decisions in *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167 [164 Cal.Rptr. 839, 610 P.2d 1330, 9 A.L.R.4th 314] (*Tameny*) and *Rojo v. Kliger* (1990) 52 Cal.3d 65 [276 Cal.Rptr. 130, 801 P.2d 373] (*Rojo*).

After a thorough review of the relevant statutory provisions, we conclude, as did both the trial court and the Court of Appeal, that the FEHA's prohibition against age discrimination in employment extends to hiring, discharging, suspension, and demotion, but not to the furnishing of employee benefits such as educational assistance. Because the FEHA is the source of the fundamental public policy against age discrimination in employment, that public policy is subject to the substantive limits set by the FEHA. Although as individuals we may applaud plaintiff's efforts at self-improvement through education, as judges we find nothing in either statutory or common law that obliges employers to ignore an employee's age in deciding whether to fund such efforts.

## I. FACTS

In February 1980, Union Oil Company of California (UNOCAL) hired plaintiff Dan Esberg, then 42 years old, as a telecommunications specialist. In 1991, supervisor Jeff Winston told a group of employees, including plaintiff, that any of them who had not received an undergraduate degree should obtain one. Plaintiff did not have a college degree at that time. Manager Nellis Freeman explained that through its educational aid program, UNOCAL would reimburse plaintiff's tuition and other costs for each undergraduate course as plaintiff completed it. Plaintiff obtained approval for educational aid and enrolled in the bachelor of science program at the University of Redlands. UNOCAL eventually paid all the expenses that plaintiff incurred in obtaining his undergraduate degree.

In early 1994, plaintiff and coworker John Marble discussed the advantages of obtaining a master of business administration (MBA) degree from the University of Redlands. In May 1994, plaintiff told his immediate supervisor, Walter Aldrich, that he and Marble were planning to enroll in the MBA program and to fund the expenses through UNOCAL's education aid

---

[1] All statutory references are to the Government Code unless otherwise mentioned.

program. Aldrich's response was: "You're too old to invest in." Plaintiff was then 56 years old. In August 1994, UNOCAL formally denied funding for plaintiff's proposed graduate degree. UNOCAL granted educational aid for the MBA program to three younger employees, including the 42-year-old Marble.

In 1995, plaintiff filed a complaint with the Department of Fair Employment and Housing (DFEH) based on UNOCAL's refusal to fund an advanced degree for plaintiff because of his age. The DFEH chose not to prosecute plaintiff's case, but it gave him a "right to sue" letter that authorized him to file a private action in court. After plaintiff received the right-to-sue letter, he brought this action against UNOCAL. Plaintiff's complaint alleged, among other things, breach of contract, age discrimination in violation of the FEHA, and denial of benefits in violation of fundamental public policy.

After trial of the merits of plaintiff's complaint, the jury returned a special verdict finding that UNOCAL had wrongfully denied plaintiff educational assistance benefits for the MBA program because of his age. The jury also found that UNOCAL breached an agreement it had with plaintiff that it would not discriminate because of age. The jury awarded plaintiff $35,000 in noneconomic damages and $51,000 in economic damages.

UNOCAL moved for judgment notwithstanding the verdict, contending that denial of an employment benefit such as educational assistance violated neither the FEHA nor the fundamental public policy against age discrimination in employment. The trial court agreed and set aside the jury's $35,000 award of noneconomic damages. Because plaintiff had prevailed on his contract claim, the trial court entered judgment awarding plaintiff $51,000 in economic damages.

Plaintiff appealed, alleging that UNOCAL's refusal to reimburse him for the costs of obtaining a master's degree violated the FEHA prohibition against age discrimination in employment, and that public policy supported a common law tort claim for denial of employment benefits based on age. The Court of Appeal rejected these contentions and affirmed the trial court's judgment. We granted plaintiff's petition for review.

II. DISCUSSION

A. *Overview of the FEHA's Antidiscrimination Provisions*

The Legislature enacted the FEHA to establish a comprehensive scheme to eliminate certain discriminatory practices in employment and housing. An

overview of the relevant employment discrimination provisions provides the background for the discussion of plaintiff's FEHA and common law public policy tort claims.

Section 12920 outlines the FEHA's general policy against employment discrimination: "It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation."

Section 12935, subdivision (a) authorizes the Fair Employment and Housing Commission (FEHC) to "adopt . . . suitable rules, regulations, and standards . . . to interpret, implement, and apply all provisions of [the FEHA]."

The FEHA has two separate provisions—sections 12940 and 12941—prohibiting various forms of workplace discrimination and identifying the classes that are protected against these forms of discrimination. Section 12940 prohibits an employer from discriminating, among other things, in the "terms, conditions, or privileges of employment" because of an employee's "race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, or sexual orientation." Notably, section 12940 does *not* prohibit employment discrimination on the basis of age.

Section 12941, the specific FEHA provision addressing *age* discrimination in employment, makes it "an unlawful employment practice for an employer to *refuse to hire or employ*, or to *discharge, dismiss, reduce, suspend, or demote*, any individual over the age of 40 on the ground of age, except in cases where the law compels or provides for such action." (Italics added.) Notably, section 12941 does *not* prohibit discrimination in the terms, conditions, or privileges of employment.

B. *Plaintiff's Contentions*

 Plaintiff contends that by denying his application for educational assistance for an MBA degree his employer violated sections 12940 and following of the FEHA prohibiting employment discrimination. As we have observed, however, neither section 12940 nor section 12941 prohibits discrimination in the terms, conditions, or privileges of employment on the basis of age. Section 12940 prohibits discrimination in the terms, conditions,

or privileges of employment on various bases, but not on the basis of age, while section 12941 prohibits some forms of employment discrimination on the basis of age, but not discrimination in the terms, conditions, or privileges of employment.

 Under well-established rules of statutory construction, we must ascertain the intent of the drafters so as to effectuate the purpose of the law. (*Preston v. State Bd. of Equalization* (2001) 25 Cal.4th 197, 213 [105 Cal.Rptr.2d 407, 19 P.3d 1148].) Because the statutory language is generally the most reliable indicator of legislative intent, we first examine the words themselves, giving them their usual and ordinary meaning and construing them in context. (*People v. Lawrence* (2000) 24 Cal.4th 219, 230 [99 Cal.Rptr.2d 570, 6 P.3d 228].) When statutory language is clear and unambiguous, " 'there is no need for construction and courts should not indulge in it.' " (*People v. Benson* (1998) 18 Cal.4th 24, 30 [74 Cal.Rptr.2d 294, 954 P.2d 557], quoting *People v. Overstreet* (1986) 42 Cal.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288].)

 Of the various FEHA provisions, only sections 12941 and 12941.1 address age discrimination in the workplace. Section 12941, subdivision (a), provides in pertinent part: "It is an unlawful employment practice for an employer to *refuse to hire or employ*, or to *discharge, dismiss, reduce, suspend, or demote*, any individual over the age of 40 on the ground of age, except in cases where the law compels or provides for such action." (Italics added.) In section 12941.1, the Legislature stated: "[T]he use of salary as the basis for differentiating between employees when *terminating* employment may be found to constitute age discrimination if use of that criterion adversely impacts older workers as a group, and . . . the disparate impact theory of proof may be used in claims of age discrimination." (Italics added.) Neither section 12941 nor section 12941.1 prohibits age discrimination in the terms, conditions, or privileges of employment.

The FEHA provision that does prohibit discrimination in the terms of employment, section 12940, notably fails to include *age* as a protected category. As pertinent here, it prohibits an employer from discriminating against an employee "in terms, conditions, or privileges of employment" because of an employee's "race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, or sexual orientation." Although section 12940 expressly prohibits discrimination in the terms and conditions of employment on the basis of race, religion, sex, and other expressly mentioned criteria, we cannot construe it, contrary to its plain meaning, as encompassing a statutory prohibition against discrimination in the terms and conditions of employment on the basis of *age*.

Section 12940 prohibits employment discrimination in the furnishing of benefits, but not employment discrimination based on age, while section 12941 prohibits employment discrimination based on age, but not employment discrimination in the furnishing of benefits. ■ Because the language of these sections is unambiguous, we need not consider various extrinsic aids, such as the purpose of the statute, the evils to be remedied, the legislative history, public policy, or the statutory scheme encompassing the statute. (*Torres v. Parkhouse Tire Service, Inc.* (2001) 26 Cal.4th 995, 1003 [111 Cal.Rptr.2d 564, 30 P.3d 57].) Thus, we attach no significance to the Legislature's unsuccessful attempt to amend section 12941 to expressly declare it an unlawful employment practice for an employer to discriminate against an employee over the age of 40 in compensation or in other "terms, conditions, or privileges" of employment absent a business necessity. Although the Legislature passed Senate Bill No. 1098 in 1998 to so amend section 12941, the Governor *vetoed* the bill, and it did not become law. (See Governor's veto message to Sen. on Sen. Bill No. 1098 (July 9, 1998) 3 Sen. J. (1997-1998 Reg. Sess.) pp. 5514-5515.) ■ Thus, based on the unambiguous language of the relevant FEHA provisions, we conclude that the FEHA does not prohibit employment discrimination in the furnishing of employee benefits on the basis of age.

Notwithstanding the clear language of sections 12940 and 12941, plaintiff would have us consider subdivision (a) of section 7295.2 of title 2 of the California Code of Regulations (regulation 7295.2(a)), which states: "Discrimination on the basis of age may be established by showing that a job applicant's or employee's age over forty was considered in the denial of an *employment benefit*." (Italics added.) If this regulation were valid, defendant employer would likely have to pay for plaintiff's postgraduate education. Indeed, plaintiff's central argument is that this administrative regulation is both valid and reasonably necessary to effectuate the purposes of the FEHA. But a review of the law governing administrative regulations reveals that regulation 7295.2(a) is invalid insofar as it purports to prohibit age discrimination in employment benefits.

California administrative agencies routinely adopt quasi-legislative regulations under express statutory authority. "For such regulations to be valid in this state, they must be consistent 'with the terms or intent of the authorizing statute.'" (*Green v. Ralee Engineering Co.* (1998) 19 Cal.4th 66, 82 [78 Cal.Rptr.2d 16, 960 P.2d 1046], quoting *California Assn. of Psychology Providers v. Rank* (1990) 51 Cal.3d 1, 11 [270 Cal.Rptr. 796, 793 P.2d 2].) A regulation that is inconsistent with the statute it seeks to implement is invalid. (*Mooney v. Pickett* (1971) 4 Cal.3d 669, 679 [94 Cal.Rptr. 279, 483 P.2d 1231].) Although regulation 7295.2(a) apparently would allow plaintiff

to establish age discrimination based on a denial of employment benefits, the FEHA—the statute it seeks to implement—would *not*. Because regulation 7295.2(a) is inconsistent with sections 12940 and 12941, which set the boundaries of the FEHA's employment discrimination prohibition, it is not " 'reasonably designed to aid a statutory objective.' " (*Credit Ins. Gen. Agents Assn. v. Payne* (1976) 16 Cal.3d 651, 657 [128 Cal.Rptr. 881, 547 P.2d 993].)

Plaintiff insists that subdivision (a) of section 12935, which authorizes the FEHC to "adopt . . . suitable rules, regulations, and standards . . . to interpret, implement, and apply all provisions of [the FEHA]," compels the conclusion that regulation 7295.2(a) is valid. We reject this argument, however, because regulation 7295.2(a), insofar as it purports to prohibit age discrimination in employment benefits, is inconsistent with the FEHA, and a regulation that is inconsistent with the authorizing statute does not implement its provisions.

Plaintiff further suggests that regulation 7295.2(a) is necessary to implement section 12920, in which the Legislature has declared that "as the public policy of this state . . . it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of . . . age . . . ." Section 12920 is a general provision that simply outlines the public policy behind the FEHA statutory scheme as a whole. As we have previously noted, when a statute's language is clear, courts need not consider the public policy or statutory scheme encompassing the statute. (*Torres v. Parkhouse Tire Service, Inc., supra,* 26 Cal.4th at p. 1003.)

Plaintiff's argument that regulation 7295.2(a) is reasonably necessary to effectuate the FEHA is unpersuasive. As discussed earlier, neither section 12940 nor section 12941 prohibits *age* discrimination in the terms, conditions, or privileges of employment. Education benefits fall within this category. We do not review the wisdom of the Legislature's decision not to include employees over the age of 40 as a protected class in section 12940, or the wisdom of its decision not to include allocation of employee benefits among the employer decisions to which the age discrimination prohibition of section 12941 applies. Our role in construing a statute is simply to ascertain and to declare what is in terms or in substance contained in the statute, not to insert what has been omitted. (See Code Civ. Proc., § 1858.)

C. *Plaintiff's Common Law Tort Claim*

Plaintiff alleges that an employer's denial of educational assistance to an employee over the age of 40 because of the employee's age violates a

fundamental public policy and thus constitutes a common law tort for which damages are recoverable under our decisions in *Tameny, supra,* 27 Cal.3d 167, and *Rojo, supra,* 52 Cal.3d 65. We disagree. Both *Tameny* and *Rojo* involved tortious *discharge* claims, and neither involved age discrimination. By contrast, plaintiff's suit does *not* allege wrongful discharge, but instead seeks to extend the FEHA prohibition against discrimination in employment benefits to the class of workers over 40.

In *Tameny*, the plaintiff alleged that his employer had fired him for refusing to participate in an illegal price-fixing scheme. We held that "an employer's obligation to refrain from discharging an employee who refuses to commit a criminal act . . . *reflects a duty imposed by law upon all employers in order to implement the fundamental public policies embodied in the state's penal statutes.*" (*Tameny, supra,* 27 Cal.3d at p. 176, italics added.) We concluded that such a violation of public policy would support a common law cause of action in tort. (*Ibid.*)

In *Rojo*, we held that the two plaintiffs had suffered tortious constructive discharge because their employer's sexual harassment forced them to leave their employment. (*Rojo, supra,* 52 Cal.3d at pp. 70-71.) Our holding in *Rojo* was grounded in the determination that our state Constitution (Cal. Const., art. I, § 8) declared a fundamental public policy against sex discrimination in employment (*Rojo, supra,* at pp. 89-90), and that this fundamental public policy " 'inure[d] to the benefit of the public at large' " and was firmly established at the time of the plaintiffs' discharge (*id.* at pp. 90-91).

Some two years after *Rojo, supra,* 52 Cal.3d 65, this court refined the scope of the common law tortious discharge claim in *Gantt v. Sentry Insurance* (1992) 1 Cal.4th 1083 [4 Cal.Rptr.2d 874, 824 P.2d 680] (*Gantt*). There, the plaintiff was constructively discharged for resisting an employer's pressure to lie during the investigation of a coworker's sexual harassment claim. This court held that there was direct statutory support for the jury's express finding that the employer violated a fundamental public policy when it constructively discharged the plaintiff employee, in view of section 12975, which specifically prohibited any obstruction of an investigation by the DFEH. Distinguishing between matters genuinely involving public policy and those that concern merely ordinary disputes between employer and employee, we observed that "[a] public policy exception carefully tethered to fundamental policies that are delineated in constitutional or statutory provisions strikes the proper balance among the interests of employers, employees and the public." (*Gantt, supra,* at p. 1095.)

As we later explained in *Stevenson v. Superior Court* (1997) 16 Cal.4th 880, 889 [66 Cal.Rptr.2d 888, 941 P.2d 1157] (*Stevenson*), "[i]n the context

of a tort claim for wrongful discharge, tethering public policy to specific constitutional or statutory provisions serves not only to *avoid judicial interference with the legislative domain*, but also to ensure that employers have adequate notice of the conduct that will subject them to tort liability to the employees they discharge." (Italics added.)

In *Stevenson*, an employee who had been discharged at the age of 60 after 30 years of employment alleged that her former employer wrongfully terminated her employment in violation of the public policy against age discrimination. (*Stevenson, supra,* 16 Cal.4th at pp. 885-886.) We recognized that the FEHA establishes a general public policy against age discrimination in employment, but we acknowledged the limitations of allowing common law tort claims based on public policy articulated in a statute. We said: "[W]hen a plaintiff relies upon a statutory prohibition to support a common law cause of action for wrongful termination in violation of public policy, *the common law claim is subject to statutory limitations affecting the nature and scope of the statutory prohibition*, but the common law claim is not subject to statutory procedural limitations affecting only the availability and scope of nonexclusive statutory remedies." (*Stevenson, supra,* at p. 904, italics added.) Applying that reasoning here, a common law tort claim based on the public policy against age discrimination articulated in the FEHA is subject to the FEHA's limitations on the nature and scope of the statutory prohibition against age discrimination. (*Stevenson, supra,* at p. 904; see also *Jennings v. Marralle* (1994) 8 Cal.4th 121, 130 [32 Cal.Rptr.2d 275, 876 P.2d 1074] [public policy against employment discrimination does not apply to employers who are statutorily exempt under the FEHA because they do not regularly employ five or more persons].) If, as we have concluded, the FEHA does not prohibit employers from denying educational benefits on the basis of age, then plaintiff may not ground a common law claim for denial of the same benefits in the FEHA's prohibition against age discrimination.

■ In *Stevenson*, we noted that a historical survey of tortious discharge decisions established four requirements that a policy must meet in order to support a claim: "First, the policy must be supported by either constitutional or statutory provisions. Second, the policy must be 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual. Third, the policy must have been articulated at the time of the discharge. Fourth, the policy must be 'fundamental' and 'substantial.' " (*Stevenson, supra,* 16 Cal.4th at pp. 889-890.)

■ With respect to the first requirement, no constitutional or statutory provision supports a claim for a wrongful denial of *educational benefits* to workers over the age of 40. As we noted earlier, the plain language of sections 12940 and 12941 reveals that the FEHA does not prohibit an

employer from denying educational benefits based on age. Here, plaintiff employee's interest in obtaining funding from defendant employer to pursue a postgraduate degree at company expense without regard to his age is not an interest "tethered to fundamental policies that are delineated in constitutional or statutory provisions." (*Gantt, supra,* 1 Cal.4th at p. 1095.)

Failure to meet the first requirement of *Stevenson, supra,* 16 Cal.4th 880, is fatal to plaintiff's common law tort claim. Therefore, we need not discuss the other three requirements, and we reject plaintiff's common law tort claim.

## CONCLUSION

The California Legislature has established the public policy of this state for employment discrimination generally and for age discrimination in employment in particular. In no uncertain terms, the Legislature has prohibited employers from discriminating in the terms and conditions of employment on the basis of a variety of factors, but the employee's age notably is not one of those factors. In equally clear language, the Legislature has prohibited employers from discriminating on the basis of age when they make decisions about hiring, discharging, suspension, and demoting. Under no reasonable construction, however, does the statutory language of the FEHA extend the age discrimination prohibition beyond these matters to encompass all employment decisions relating to the terms and conditions of employment, such as the furnishing of educational assistance. Because the FEHA embodies this state's general public policy against age discrimination in employment, defendant employer's action in denying plaintiff employee educational assistance for postgraduate studies neither violated the FEHA nor gave rise to a common law tort cause of action for violation of public policy. Accordingly, plaintiff has no cause of action for which he may recover noneconomic damages, and the trial court's judgment awarding plaintiff $51,000 in damages for economic loss caused by his employer's breach of contract represents the extent of his authorized recovery.

The judgment of the Court of Appeal is affirmed.

George, C. J., Baxter, J., Werdegar, J., Chin, J., Brown, J., and Moreno, J., concurred.