BILL LOCKYER Attorney General SUSAN DUNCAN LEE Deputy Attorney General
THE DEPARTMENT OF CORRECTIONS AND REHABILITATION has requested an opinion on the following question:
May the Department of Corrections and Rehabilitation place two or more sex offender parolees in a "residential facility which serves six or fewer persons" as that term is defined in the California Community Care Facilities Act?
 CONCLUSION
The Department of Corrections and Rehabilitation may place two or more sex offender parolees in a "residential facility which serves six or fewer persons" as that term is defined in the California Community Care Facilities Act.
 ANALYSIS
The Department of Corrections and Rehabilitation ("Department"), through its Division of Adult Parole Operations, is responsible for establishing conditions of parole and for supervising persons released on parole from the state's prisons. (Pen. Code, §§ 3000, subds. (b)(6), (7), 3052, 5055.)[1]
The Department's responsibility extends to parolees who are required to register as sex offenders under the provisions of section 290.
Like all parolees, sex offender parolees are ordinarily released to their county of last legal residence, unless the circumstances call for a different placement. (§ 3003, subd. (a).) In cases involving the conviction of certain sexual offenses against children, parolees are prohibited by law from residing close to schools. (§ 3003, subd. (g)). Parolees who are deemed to present a high risk of committing violent sex crimes may be subjected to intensive supervision, including a number of prevention treatment programs. (§ 3005.)
In certain cases, the Department's supervision of sex offender parolees involves finding an appropriate residence for the parolee, as limited by the conditions specified in section 3003.5:
 "Notwithstanding any other provision of law, when a person is released on parole after having served a term of imprisonment in state prison for any offense for which registration is required pursuant to Section 290, that person may not, during the period of parole, reside in any single family dwelling with any other person also required to register pursuant to Section 290, unless those persons are legally related by blood, marriage, or adoption. For purposes of this section, `single family dwelling' shall not include a residential facility which serves six or fewer persons."
The term "residential facility which serves six or fewer persons" is not further defined in section 3003.5. As a result, some ambiguity arises as to the scope of the statutory restrictions placed upon the Department in placing two or more sex offenders in the same single family dwelling. The question presented for resolution asks us to address this ambiguity.
In interpreting a statute, such as section 3003.5, our primary purpose is to determine the Legislature's intent. In determining intent, we look first to the words themselves, as they are usually the most reliable indicator of the Legislature's intent. (Hassan v. Mercy American River Hospital (2003) 31 Cal.4th 709,715; Esberg v. Union Oil Co. (2002) 28 Cal.4th 262, 268.) When statutory language is susceptible of more than one reasonable interpretation, we may look to a variety of extrinsic aids, "`including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part. [Citations.]'" (Granberry v. IslayInvestments (1995) 9 Cal.4th 738, 744, quoting People v.Woodhead (1987) 43 Cal.3d 1002, 1007-1008.)
Applying these rules of construction, we find that the meaning of the term "residential facility which serves six or fewer persons" is not readily apparent from the plain language of section 3003.5. However, we may look to the legislative history of the statute to give us guidance. "Committee reports are often useful in determining the Legislature's intent. [Citation.]"(California Teachers Assn. v. Governing Bd. of Rialto UnifiedSchool Dist. (1997) 14 Cal.4th 627, 646.)
The Legislature enacted section 3003.5 in 1998 (Stats. 1998, ch. 550, § 1; Assem. Bill No. 2799 (1997-1998 Reg. Sess.)). As introduced, Assembly Bill No. 2799 prohibited anyone convicted of a violation of section 288 or section 288.5 from living in a "residential situation" or "residence" with anyone else convicted under either of those statutes. (Assem. Bill No. 2799 (1997-1998 Reg. Sess.) § 2, as introduced Mar. 2, 1998.) The bill did not contain a definition of "residential situation" or of "residence."
The bill was then amended to prohibit two or more persons convicted of specified sex offenses from living in the same "community care facility or residential facility," regardless of "any provision within the California Community Care Facilities Act to the contrary. . . ." (Assem. Amend. to Assem. Bill No. 2799 (1997-1998 Reg. Sess.) §§ 2, 5, April 14, 1998.)
The amended version of the bill drew opposition from various groups on the grounds that preventing sex offender parolees from living in a group placement would be counterproductive, would reduce opportunities for appropriate treatment and intervention, and would increase the burden of parole officers in supervising the parolees. (See, e.g., Assem. Com. on Public Safety, Analysis of Assem. Bill No. 2799 (1997-1998 Reg. Sess.) as amended April 14, 1998, pp. 3-4.) As a consequence, subsequent versions of the bill omitted the exclusion of community care facilities from being considered appropriate residential placements for sex offender parolees. (See, e.g., Assem. Amend. to Assem. Bill No. 2799 (1997-1998 Reg. Sess.) May 7, 1998.)
This legislative history provides relevant indicia of the Legislature's intent in enacting section 3003.5. First, the Legislature considered, and then rejected, an approach that would have prohibited sex offenders from living together in a single home. Second, the Legislature considered, and then rejected, an approach that would have excluded community care facilities from housing two or more sex offenders. Instead, the Legislature settled on an approach that would generally prohibit registered sex offenders from living together in a single family dwelling, with two exceptions: those parolees legally related to one another and those living in "a residential facility which serves six or fewer persons."[2]
Although the term "residential facility which serves six or fewer persons" is not expressly defined for purposes of section 3003.5, the term is one that is integral to various provisions of the California Community Care Facilities Act — the same act that was considered by the Legislature in enacting section 3003.5. In light of this legislative history, we believe that the term's meaning in section 3003.5 is the same as that contained in the California Community Care Facilities Act. Therefore, we turn to the latter statutory scheme to find the applicable definition.
The California Community Care Facilities Act (Health Saf. Code, §§ 1500-1567.8) was enacted "to establish a coordinated and comprehensive statewide service system of quality community care for mentally ill, developmentally and physically disabled, and children and adults who require care or services by a facility or organization issued a license or special permit pursuant to this chapter." (Health Saf. Code, § 1501, subd. (a).) A "residential facility" is a type of community care facility defined in Health and Safety Code section 1502, subdivision (a)(1), as follows:
 "`Residential facility' means any family home, group care facility, or similar facility determined by the director, for 24-hour nonmedical care of persons in need of personal services, supervision, or assistance essential for sustaining the activities of daily living or for the protection of the individual."[3]
If a residential facility serves six or fewer persons, it is considered a residential use of the property under local ordinances and treated as any other single family dwelling in the same community. (See 73 Ops.Cal.Atty.Gen. 58, 59 (1990).) Health and Safety Code section 1566.2 states:
 "A residential facility which serves six or fewer persons shall not be subject to any business taxes, local registration fees, use permit fees, or other fees to which other family dwellings of the same type in the same zone are not likewise subject. . . ."
Health and Safety Code section 1566.3 provides:
 "Whether or not unrelated persons are living together, a residential facility which serves six or fewer persons shall be considered a residential use of property for the purposes of this article. In addition, the residents and operators of such a facility shall be considered a family for the purposes of any law or zoning ordinance which relates to the residential use of property pursuant to this article.
 "For the purpose of all local ordinances, a residential facility which serves six or fewer persons shall not be included within the definition of a boarding house, rooming house, institution or home for the care of minors, the aged, or the mentally infirm, foster care home, guest home, rest home, sanitarium, mental hygiene home, or other similar term which implies that the residential facility is a business run for profit or differs in any other way from a family dwelling.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "No conditional use permit, zoning variance, or other zoning clearance shall be required of a residential facility which serves six or fewer persons which is not required of a family dwelling of the same type in the same zone.
 "Use of a family dwelling for purposes of a residential facility serving six or fewer persons shall not constitute a change of occupancy for purposes of . . . local building codes. . . ."
Health and Safety Code section 1566.5 similarly provides:
 "For the purposes of any contract, deed, or covenant for the transfer of real property executed on or after January 1, 1979, a residential facility which serves six or fewer persons shall be considered a residential use of property and a use of property by a single family, notwithstanding any disclaimers to the contrary."
Accordingly, we find that the term "residential facility which serves six or fewer persons" has a well established meaning in the California Community Care Facilities Act that may reasonably be applied in interpreting the language of section 3003.5.
We conclude that the Department may place two or more sex offender parolees in a "residential facility which serves six or fewer persons" as that term is defined in the California Community Care Facilities Act.
[1] All further references to the Penal Code are by section number only.
[2] "Successive drafts of a bill may be helpful in construing a statute. . . ." (Clark v. Workers' Comp. Appeals Bd. (1991)230 Cal.App.3d 684, 685; accord, O'Brien v. Dudenhoeffer (1997)16 Cal.App.4th 324, 334.) "The fact that the Legislature chose to omit a provision from the final version of a statute which was included in an earlier version constitutes strong evidence that the act as adopted should not be construed to incorporate the original provisions." (Beverly v. Anderson (1999)76 Cal.App.4th 480, 486; accord, Elsner v. Uveges (2003)106 Cal.App.4th 73, 90.)
[3] The California Department of Social Services licenses and regulates these facilities. (See Health Saf. Code, §§ 1502,1503.5, 1508, 1509; Cal. Code Regs., tit. 22, §§ 80001, 85000-85092.)