Betsy TAUB, Plaintiff–Appellant,

v.

FLEISHMAN–HILLARD, INC., et al., Defendant–Appellee.

No. 05–17330.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 2007.

Filed Nov. 28, 2007.

Michael G. Ackerman, Esq., Ackerman and Kevorkian, Santa Clara, CA, for Plaintiff-Appellant.

Bryan Cave, Esq., Santa Monica, CA, Barbara Krieg, Esq., Santa Monica, CA, David H. Raizman, Esq., Eisenberg Raizman Thurston & Wong LLP, Los Angeles, CA, for Defendant-Appellee.

Before: NOONAN and McKEOWN, Circuit Judges, and KORMAN *, Senior Judge.

## MEMORANDUM **

Betsy Taub ("Taub") appeals the district court's grant of summary judgment to Fleishman-Hillard, et al. ("Fleishman-Hil-

---

* The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

lard"), dismissing her two employment causes of action. The district court dismissed Taub's claim of age discrimination by her employer, Fleishman-Hillard, which she brought pursuant to California's Fair Employment and Housing Act ("FEHA"). The district court also dismissed Taub's claim of wrongful termination in violation of public policy.

The district court analyzed Taub's claim under FEHA and granted Fleishman-Hillard's motion for summary judgment. California courts look to federal precedent in applying FEHA, and in particular apply the three-stage burden shifting test set out by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Guz v. Bechtel Nat. Inc.*, 24 Cal.4th 317, 354, 100 Cal.Rptr.2d 352, 8 P.3d 1089 (2000). The district court held that Taub failed to make a prima facie case for age discrimination, but that even if she had, Fleishman-Hillard offered legitimate reasons for her termination, and Taub was unable to show that those reasons were pretextual.

We review *de novo* the district court's decision granting summary judgment to Fleishman-Hillard. *Pottenger v. Potlatch Corp.*, 329 F.3d 740, 745 (9th Cir.2003). We assume familiarity with the facts of this case.

■ The Supreme Court has held that, "[w]here the defendant [in a discrimination case] has done everything that would be required of him if the plaintiff had properly made out a *prima facie* case, whether the plaintiff really did so is no longer relevant." *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983); *see also Her-*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

172

*nandez v. New York*, 500 U.S. 352, 359, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). On this fully briefed motion for summary judgment, Fleishman–Hillard has done everything that would be required of it if Taub had properly made out a prima facie case. Accordingly, we address the ultimate issue of whether Taub has come forward with sufficient evidence to show that a "reasonable jury viewing the summary judgment record could find by a preponderance of the evidence," *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027–28 (9th Cir.2006), that the explanation offered for her termination was a pretext for age discrimination. After reviewing the record, we conclude that she has failed to do so. The strongest evidence Taub has adduced are e-mails discussing her termination that reference her age. Nevertheless, when read in context, these e-mails reflect concern regarding the potential legal consequences of terminating her employment rather than a reason for it.

■ Under California law, if an employer did not violate FEHA, the employee's claim for wrongful termination in violation of public policy fails. *Esberg v. Union Oil Co.*, 28 Cal.4th 262, 272–73, 121 Cal. Rptr.2d 203, 47 P.3d 1069 (2002). Thus, the district court correctly held that Fleishman–Hillard was also entitled to summary judgment on this cause of action.

AFFIRMED.