[No. G039906. Fourth Dist., Div. Three. Oct. 20, 2008.]

WILLIAM SABATASSO, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
MATTHEW CATE, as Secretary, etc., Real Party in Interest.

COUNSEL

William Sabatasso, in pro. per.; and Richard Schwartzberg, under appointment by the Court of Appeal, for Petitioner.

No appearance for Respondent.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Heather Bushman, Kathleen R. Frey and Linnea D. Piazza, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**RYLAARSDAM, J.**—Penal Code section 2713.1 (all further statutory references are to this code unless otherwise stated) provides that upon release from prison, a prisoner is to be paid $200. The question before us is whether that $200 allowance is owed to a prisoner who, upon being paroled, is not released into the community but is transferred to another law enforcement agency in California to be held for evaluation and possible trial as a sexually violent predator under Welfare and Institutions Code section 6600 et seq. (Sexually Violent Predator Act; SVPA). We conclude that California Code of Regulations, title 15, section 3075.2, subdivision (d) (title 15, section 3075.2, subdivision (d)), which would prohibit payment, is void to the extent explained below. Under section 2713.1 petitioner is entitled to the allowance and we grant the petition.

### FACTUAL AND PROCEDURAL HISTORY

In 1994 petitioner William Sabatasso was sentenced to a 26-year term for second degree robbery; in March 2007 he was paroled. After the Board of Parole Hearings placed him on a 45-day hold, he was released to the Orange County Sheriff's Office pending an evaluation as a sexually violent predator and possible commitment under the SVPA. Petitioner submitted an application pursuant to section 2713.1 to be paid his release allowance, which real party in interest denied. He then filed a motion in the superior court seeking payment, which respondent denied, ruling that under title 15, section 3075.2, subdivision (d) he was ineligible because he was in custody. This petition followed.

## DISCUSSION

### 1. *Exhaustion of Administrative Remedies*

■ As a preliminary matter, real party in interest, Matthew Cate, as Secretary of the California Department of Corrections and Rehabilitation, argues the petition should be denied because petitioner did not exhaust his administrative remedies. Exhaustion is accomplished after an adverse decision at the "[t]hird formal level." (Cal. Code Regs., tit. 15, § 3084.5, subd. (d); see *id.*, §§ 3084.5, subd. (e)(2), 3084.1, subd. (a).) Real party in interest suggests that "ordinarily" exhaustion is jurisdictional and petitioner's failure to file appeals to the second and third level after the appeal at the first level was denied has deprived it of the opportunity to "explain release allowance procedures, or if necessary, correct any errors."

■ It "is well established" " '. . . that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act.' [Citation.] The rule 'is not a matter of judicial discretion, but is a fundamental rule of procedure . . . binding upon all courts.' [Citation.]" (*Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 321 [25 Cal.Rptr.3d 320, 106 P.3d 976].) But, "the administrative remedies exhaustion rule has several exceptions, including . . . when the administrative agency cannot provide an adequate remedy . . . ." (*Id.* at p. 322.) That is the case here.

Real party in interest's denial of payment is based on a regulation it promulgated. There is no possibility it would change its decision in appeals at the second or third level because this would require it to act contrary to its own rule. Thus, it does not matter how many appeals petitioner might have filed. The result is guaranteed to be the same. Moreover, this is not a case where the action was initiated because petitioner did not understand real party in interest's procedures. Petitioner understands all too well and disagrees. Thus, real party in interest cannot provide an adequate remedy and we decide the petition on the merits.

### 2. *Applicable Law*

Section 2713.1 provides that "[i]n addition to any other payment to which he is entitled by law, each prisoner upon his release shall be paid the sum of two hundred dollars . . . . [¶] The [Department of Corrections and Rehabilitation (department)] may prescribe rules and regulations (a) to limit or eliminate any payments provided for in this section to prisoners who have not served for at least six consecutive months prior to their release in instances where the department determines that such a payment is not

necessary for rehabilitation of the prisoner, (b) to establish procedures for the payment . . . within the first 60 days of a prisoner's release, and (c) to eliminate any payment . . . to a parolee who upon release has not been paid the entire amount prescribed by this section and who willfully absconds after release on parole, but before any remaining balance of the . . . funds has been paid. [¶] The provisions of this section shall not be applicable if a prisoner is released to the custody of another state or to the custody of the federal government."

Title 15, section 3075.2, subdivision (d)(2), promulgated by the department pursuant to section 2713.1, states: "A release allowance is a sum of money intended for the rehabilitative purpose of assisting in an inmate/parolee's reintegration into society, and shall only be provided to an inmate who is released from prison to the direct supervision of a parole agent in the community or is discharged from the jurisdiction of the [department]. . . . [¶] . . . [¶] . . . Inmates who are released to the custody of local law enforcement as a result of a detainer or hold are ineligible to receive a release allowance until the inmate is released from custody to direct parole supervision in the community. This includes a detainer or hold pursuant to commitment proceedings as a sexually violent predator [SVPA]. If the local custody detainer or hold results in a new commitment, the inmate will be ineligible for release funds for the prior prison term(s)."

3. *Invalidity of Title 15, Section 3075.2, Subdivision (d)(2) as Relating to the SVPA*

In attacking the denial of his release allowance, petitioner argues that the rules set out in title 15, section 3075.2, subdivision (d)(2), which specifically deal with release of a parolee to local law enforcement pursuant to a hold as a possible sexually violent predator, go beyond any exceptions or regulations allowed by section 2713.1 and are invalid.

█ "California administrative agencies routinely adopt quasi-legislative regulations under express statutory authority. 'For such regulations to be valid in this state, they must be consistent "with the terms or intent of the authorizing statute." ' [Citation.]" (*Esberg v. Union Oil Co.* (2002) 28 Cal.4th 262, 269 [121 Cal.Rptr.2d 203, 47 P.3d 1069]; see Gov. Code, § 11342.2 [agency regulation adopted pursuant to statutory authorization must be "consistent and not in conflict with the statute and reasonably necessary to effectuate the purpose of the statute"].) "[A]gencies do not have discretion to promulgate regulations that are inconsistent with the governing statute, or that alter or amend the statute or enlarge its scope. [Citation.]" (*Slocum v. State Bd. of Equalization* (2005) 134 Cal.App.4th 969, 974 [36 Cal.Rptr.3d 627].) If " 'a challenged administrative [regulation] was not authorized by or is

inconsistent with acts of the Legislature, that [regulation] is void. [Citation.]' [Citation.]" (*In re J.G.* (2008) 159 Cal.App.4th 1056, 1067 [72 Cal.Rptr.3d 42].)

■ Title 15, section 3075.2, subdivision (d)(2) is not authorized by or consistent with the terms of section 2713.1. The statute gives the department the right to promulgate rules in three stated instances: (1) where a prisoner has not served at least six months consecutively, to limit or eliminate payment if it would not help in rehabilitation; (2) to set out procedures to pay the allowance within the first 60 days of release; and (3) to eliminate paying the balance of the allowance where a prisoner has absconded. As real party in interest concedes, none of these deals in any respect with rules pertaining to release of an inmate to local law enforcement pursuant to a hold for evaluation and possible trial as a sexually violent predator. Likewise, the final sentence of section 2713.1 that disallows payment to parolees released to the custody of the federal government or another state does not cover the factual situation at issue.

Real party in interest emphasizes that the issue is the meaning of "release" in the first part of section 2713.1, which states that "each prisoner upon his release shall be paid the sum of two hundred dollars." He argues that "release" in this instance must mean release into the community or the custody of a parole officer, as stated in title 15, section 3075.2, subdivision (d)(2). Therefore, he continues, "release" into the custody of local law enforcement pending proceedings under the SVPA does not fall within that meaning. We disagree. As petitioner points out, section 2713.1 plainly states that the allowance is paid to an inmate on "release," not "release on parole."

■ Further, to interpret "release" in the manner real party in interest suggests would require us to put a gloss on the language that is not supported by the statute. " 'As a rule, courts should not presume an intent to legislate by implication. [Citation.]' [Citation.] ' "[F]or a consequence to be implied from a statute there must be greater justification for its inclusion than a consistency or compatibility with the act from which it is implied. 'A necessary implication within the meaning of the law is one that is so strong in its probability that the contrary thereof cannot reasonably be supposed.' " ' [Citation.] That condition is absent here." (*Howard Jarvis Taxpayers Assn. v. County of Orange* (2003) 110 Cal.App.4th 1375, 1385–1386 [2 Cal.Rptr.3d 514].)

■ "In reading statutes, we are mindful that words are to be given their plain and commonsense meaning. [Citation.]" (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103 [56 Cal.Rptr.3d 880, 155 P.3d

284].) When construing a statute, a court "must be careful not to rewrite an unambiguous statute by inserting qualifying language. [Citations.]" (*Coburn v. Sievert* (2005) 133 Cal.App.4th 1483, 1495 [35 Cal.Rptr.3d 596]; see Code Civ. Proc., § 1858.) Because the language of section 2713.1 is clear, it may not be changed by title 15, section 3075.2, subdivision (d)(2) " 'to accomplish a purpose that does not appear on [its] face . . . . [Citation.]' " (*Kalway v. City of Berkeley* (2007) 151 Cal.App.4th 827, 833 [60 Cal.Rptr.3d 477].)

■ We reject real party in interest's argument that, although section 2713.1 does not allow the failure to pay release money as set out in title 15, section 3075.2, subdivision (d)(2), it is authorized under section 5058. That section empowers the department to "prescribe and amend rules and regulations . . . for the administration of the parole of persons . . . ." (§ 5058, subd. (a).) But this general statute cannot be read to control the more specific language of section 2713.1 that pertains directly to payment of the allowance. (*Los Angeles County Dependency Attorneys, Inc. v. Department of General Services* (2008) 161 Cal.App.4th 230, 236 [73 Cal.Rptr.3d 817] [" 'if a specific statute is enacted covering a particular subject, the specific statute controls and takes priority over a general statute encompassing the same subject' "].)

■ Although title 15, section 3075.2, subdivision (d)(2) may seem logical and sensible to the department, it is not within the scope of its authority as delineated in section 2713.1. " 'The question before the reviewing court is not the wisdom of the agency's rule or policy, but whether it would alter or amend the statute.' [Citation.]" (*In re J.G., supra,* 159 Cal.App.4th at p. 1067.)

■ Having said that, we note that the SVPA (Welf. & Inst. Code, § 6600 et seq., added by Stats. 1995, ch. 763, § 3, p. 5922) was enacted 13 years after the last amendment to Penal Code section 2713.1 was adopted (Stats. 1973, ch. 1006, § 1, p. 2001, as amended by Stats. 1982, ch. 1406, § 1, p. 5361). There is a presumption that "the Legislature, when enacting a statute, was aware of existing related laws and intended to maintain a consistent body of rules. [Citation.]" (*Stone Street Capital, LLC v. California State Lottery Com.* (2008) 165 Cal.App.4th 109, 118 [80 Cal.Rptr.3d 326].) But since section 2713.1 was not part of the same statutory scheme as the SVPA, it is possible the Legislature did not consider its provisions vis-à-vis the SVPA. If the Legislature does not intend a release allowance to be paid to a paroled inmate who is released to local law enforcement to be held under the SVPA, the remedy is to amend section 2713.1 to so provide.

■ Because title 15, section 3075.2, subdivision (d)(2) is beyond the scope of section 2713.1, under the foregoing principles that limit a department's power to enact rules, it is void to the extent it bans payment to parolees held or detained by local law enforcement for initiation of proceedings under the SVPA. We do not comment on the balance of the language of the regulation.

## DISPOSITION

The petition for writ of mandate is granted. Let a writ of mandate issue ordering the trial court to vacate its September 21, 2007 order denying petitioner's motion for payment of the release allowance and to issue a new order granting the motion.

Sills, P. J., and Ikola, J., concurred.

On October 22, 2008, the opinion was modified to read as printed above.