Filed 9/18/20

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re URAL KING on Habeas Corpus. | E074401 |
| | (Super.Ct.Nos. WHCJS1900438 & FBA05576) |
| | OPINION |

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus. Gregory S. Tavill, Judge. Petition granted.

Ural King, in pro. per.; James R. Bostwick, Jr., under appointment by the Court of Appeal, for Petitioner.

Xavier Becerra, Attorney General, Phillip J. Lindsay, Assistant Attorney General, Amanda J. Murray and Rachael A. Campbell, Deputy Attorneys General, for Respondent.

In 2016, Proposition 57 amended the California Constitution to allow early parole consideration for persons "convicted of a nonviolent felony." (Prop. 57, § 32, subd. (a)(1); Cal. Const., art. I, § 32, subd. (a)(1) (section 32(a)(1)).) Proposition 57 expressly authorized the California Department of Corrections and Rehabilitation (CDCR) to promulgate regulations to implement this mandate. (Prop. 57, § 32, subd. (b); Cal.

1

Const., art. I, § 32, subd. (b) (section 32(b)).) The regulations that the CDCR has adopted pursuant to that authority exclude from early parole consideration any person convicted of an offense requiring the person to register as a sex offender. (Cal. Code Regs., tit. 15, § 3491, subd. (b)(3).)

Ural King is serving 25 years to life for a conviction in 2000 of possession of ephedrine or pseudoephedrine with the intent to distribute methamphetamine. The CDCR denied King early parole consideration under Proposition 57 on the ground that he is required to register as a sex offender because of prior offenses. King has petitioned this court for a writ of habeas corpus, claiming that the CDCR's regulation improperly excludes from the benefits of Proposition 57 inmates like him who are serving sentences for nonviolent offenses but are required to register as sex offenders because of prior offenses.

Our colleagues in Division Five of the Court of Appeal, Second Appellate District have analyzed this issue and concluded that under the plain language of Proposition 57 these inmates are entitled to early parole consideration. (*In re Gadlin* (2019) 31 Cal.App.5th 784, 789-790, review granted S254599, May 15, 2019 (*Gadlin*).) Two other sister courts have reached the same conclusion. (*In re Schuster* (2019) 42 Cal.App.5th 943, 954-955, review granted S260024, Feb. 19, 2020 (*Schuster*); *In re Chavez* (2020) 51 Cal.App.5th 748, 756 (*Chavez*).) We agree with those decisions.

We conclude that the plain language of section 32(a)(1) requires early parole consideration to be based solely on the present offense of conviction. We therefore conclude that the CDCR regulation excluding from early parole consideration prisoners

2

who are required to register as sex offenders because of prior convictions is invalid. We consequently grant King's petition for writ of habeas corpus.

BACKGROUND

In 2000, a jury convicted King of one count of possession of ephedrine or pseudoephedrine with the intent to manufacture methamphetamine. (Former Health & Saf. Code, § 11383, subd. (c)(1).) The trial court found true three serious felony strike allegations. (*People v. King* (Feb. 7, 2002, E028883) [nonpub. opn.] (*King*).) Those prior felonies were (1) two counts of oral copulation by force or fear on a minor under 14 years old (former Pen. Code, § 288a, subd. (c)(1)), and (2) one count of rape by force or fear (Pen. Code, § 261, subd. (a)). All of those priors require King to register as a sex offender. (Pen. Code, § 290, subd. (c).) King was sentenced to 25 years to life pursuant to the Three Strikes law. (*King*, *supra*, E028883; Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) We affirmed the judgment. (*King*, E028883.)

In 2019, King was denied early parole consideration by the CDCR because he is required to register as a sex offender. King subsequently filed a petition for writ of habeas corpus in Monterey County Superior Court, challenging the CDCR's exclusion of him from early parole consideration under Proposition 57. The petition was transferred to San Bernardino County Superior Court. The superior court denied King's petition without prejudice to King raising the issue again if the Supreme Court invalidates the CDCR regulation excluding petitioners like him from early parole consideration under Proposition 57. King petitioned this court for a writ of habeas corpus on the same

3

grounds on which he sought relief in the superior court. We appointed counsel for King and issued an order to show cause.

DISCUSSION

A. *Proposition 57 and the Relevant Implementing Regulations*

In 2016, voters passed Proposition 57, the Public Safety and Rehabilitation Act of 2016. The express purposes of Proposition 57, as relevant here, are to protect and enhance public safety, to reduce wasteful spending on prisons, and to prevent the "indiscrimate[]" release of prisoners by federal courts. (Prop. 57, § 2.) An uncodified section of Proposition 57 mandates that the initiative "shall be liberally construed to effectuate its purposes." (Prop. 57, § 9.)

To effectuate those purposes, Proposition 57 added section 32 to article I of the California Constitution. (Prop. 57, § 3.) That constitutional provision authorizes early parole consideration for nonviolent offenders as follows: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." (§ 32(a)(1).) Section 32 further defines what is meant by "the full term for the primary offense." (Cal. Const., art. I, § 32, subd. (a)(1)(A).) Section 32 also directs the CDCR to "adopt regulations in furtherance of these provisions." (§ 32(b).) The Secretary of the CDCR is required to "certify that these regulations protect and enhance public safety." (*Ibid.*)

The CDCR's implementing regulations exclude from nonviolent early parole consideration any inmate "convicted of a sexual offense that currently requires or will require registration as a sex offender under the Sex Offender Registration Act, codified in

4

Sections 290 through 290.024 of the Penal Code." (Cal. Code Regs., tit. 15, § 3491, subd. (b)(3); *Gadlin*, *supra*, 31 Cal.App.5th at p. 788.) In its Final Statement of Reasons accompanying the implementing regulations for Proposition 57, the CDCR explained that it had concluded that "[p]ublic safety requires that sex offenders be excluded from nonviolent parole consideration" because all offenses requiring registration as a sex offender (regardless of whether the offense is elsewhere categorized as a violent or serious felony) "demonstrate a sufficient degree of violence and represent an unreasonable risk to public safety." (CDCR, Credit Earning and Parole Consideration Final Statement of Reasons (Apr. 30, 2018) p. 20.)

B. *Standard of Review*

When construing a constitutional provision enacted through voter initiative, we apply ordinary principles of statutory interpretation. (*California Cannabis Coalition v. City of Upland* (2017) 3 Cal.5th 924, 933-934 (*California Cannabis*).) Our primary concern "is giving effect to the intended purpose of the provisions at issue." (*Id*. at p. 933.) "We begin by analyzing the text of the constitutional provision in its relevant context because that is typically the best and most reliable indicator of the voters' intent." (*In re Febbo* (2020) 52 Cal.App.5th 1088, 1097 (*Febbo*); *California Cannabis*, *supra*, at p. 933.) "We start by ascribing to words their ordinary meaning, while taking account of related provisions and the structure of the relevant statutory and constitutional scheme." (*California Cannabis*, at p. 933.) "If the provisions' intended purpose nonetheless remains opaque, we may consider extrinsic sources, such as an initiative's ballot materials. [Citation.] Moreover, when construing initiatives, we generally presume

5

electors are aware of existing law." (*Id.* at p. 934.) We independently review questions of constitutional and statutory interpretation. (*Ibid.*)

When "a state agency has authority to adopt regulations to implement, interpret, make specific or otherwise carry out the provisions of the statute, no regulation adopted is valid or effective unless consistent and not in conflict with the statute and reasonably necessary to effectuate the purpose of the statute." (Gov. Code, § 11342.2; *Mooney v. Pickett* (1971) 4 Cal.3d 669, 679.) "In determining the proper interpretation of a statute and the validity of an administrative regulation, the administrative agency's construction is entitled to great weight, and if there appears to be a reasonable basis for it, a court will not substitute its judgment for that of the administrative body." (*Ontario Community Foundation, Inc. v. State Bd. of Equalization* (1984) 35 Cal.3d 811, 816.) "On the other hand, . . . '[w]here a statute empowers an administrative agency to adopt regulations, such regulations "must be consistent, not in conflict with the statute, and reasonably necessary to effectuate its purpose."'" (*Ibid.*) "A regulation that is inconsistent with the statute it seeks to implement is invalid." (*Esberg v. Union Oil Co.* (2002) 28 Cal.4th 262, 269, superseded by statute on another ground as stated in *Arch v. Superior Court* (2004) 122 Cal.App.4th 339, 396-397.)

C. *Analysis*

King argues that he is entitled to early parole consideration pursuant to the plain language of Proposition 57 and that the CDCR's implementing regulation improperly excludes him from such consideration because he is required to register as a sex offender as a result of prior offenses. The CDCR does not dispute that King was denied early

parole consideration on the basis of the requirement that he register as a sex offender. The parties do not dispute that King is currently serving a sentence for a nonviolent offense.

We first look to the language of the constitutional provision added by Proposition 57. Section 32(a)(1) mandates that early parole consideration shall be made available to "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison" who has served the full term for the primary offense. (§ 32(a)(1).) The CDCR urges that it is not clear from the language of that provision which state inmates meet the criteria for early parole consideration because neither "'convicted'" nor "'nonviolent felony offense'" is further defined. Because of that purported ambiguity, the CDCR contends that the CDCR properly looked at section 32 as a whole and properly exercised its authority by "defin[ing] which inmates qualify for nonviolent parole consideration."

We do not agree that the language is ambiguous. We instead agree with the other courts that have analyzed the issue. The plain language of the text is clear: The focus of Proposition 57's mandate on who should be eligible "for early parole consideration is on the inmate's current conviction, not on any prior convictions." (*Schuster*, *supra*, 42 Cal.App.5th at p. 955; *Gadlin*, *supra*, 31 Cal.App.5th at p. 789; *Chavez*, *supra*, 51 Cal.App.5th at p. 756.)

As *Gadlin* explained, "[t]he reference to 'convicted' and 'sentenced,' in conjunction with present eligibility for parole once a full term is completed, make clear that early parole eligibility must be assessed based on the conviction for which an inmate is now serving a state prison sentence (the current offense), rather than prior criminal

7

history. This interpretation is supported by section 32[(a)(1)]'s use of the singular form in 'felony offense,' 'primary offense,' and 'term.'" (*Gadlin*, *supra*, 31 Cal.App.5th at p. 789.) We agree with and adopt that reasoning and analysis. *Gadlin*'s interpretation is further supported by the fact that section 32(a)(1) "contains no suggestion that it is restricted to those lacking certain prior convictions." (*Chavez*, *supra*, 51 Cal.App.5th at p. 754; *Schuster*, *supra*, 42 Cal.App.5th at p. 955 ["The Amendment makes no mention of prior convictions or an inmate's status as a section 290 sex registrant"].) Because it is clear from the language of section 32(a)(1) that "convicted" applies to the offense for which the inmate is presently sentenced, the lack of a specific definition of the term "convicted" was not necessary and does not render the provision ambiguous.

Moreover, because it is undisputed that King's current offense is nonviolent, we need not and do not consider whether "nonviolent felony offense" is sufficiently defined by the plain language of section 32. Regardless of the CDCR's latitude under section 32 to define what constitutes a nonviolent current offense, the plain language of section 32(a)(1) prescribes that the relevant offense for early parole consideration is limited to the current offense only. We therefore, like *Gadlin*, do not consider "whether [the] CDCR's application of its regulations to exclude inmates whose current offense requires registration as a sex offender similarly violates [section 32(a)(1)]." (*Gadlin*, *supra*, 31 Cal.App.5th at p. 790; see also *Alliance for Constitutional Sex Offense Laws v. Department of Corrections and Rehabilitation* (2020) 45 Cal.App.5th 225, 235-236, review granted, S261362, May 27, 2020 (*Alliance*) [concluding that the CDCR's regulation excluding inmates serving sentences for current nonviolent sex offenses

requiring sex offender registration contravenes the plain language of Prop. 57], review granted May 27, 2020, S261362; *Febbo*, *supra*, 52 Cal.App.5th at p. 1103 [concluding that indecent exposure constitutes a nonviolent offense].)

The CDCR urges us to reject *Gadlin*, *supra*, 31 Cal.App.5th 784, but does not point to any specific weakness or deficiency in *Gadlin*'s analysis of the plain language of section 32(a)(1). Instead, focusing on the language of section 32 as a whole, the CDCR argues that it was authorized to exclude all inmates required to register as sex offenders, even those serving terms for nonviolent offenses, because of section 32(b)'s requirement that the CDCR certify that the regulations "protect and enhance public safety." We agree with the other courts that have rejected that argument. "The CDCR's duty to certify its regulations promote and enhance the policies supporting section 32(a) did not grant the CDCR authority to promulgate and adopt policies that are inconsistent or conflict with section 32(a)(1)." (*Febbo*, *supra*, 52 Cal.App.5th at p. 1103; *Alliance*, *supra*, 45 Cal.App.5th at pp. 235-236.) Thus, the authority granted the CDCR under section 32(b) is circumscribed by the plain language of section 32(a)(1).

Because we conclude that the plain language of section 32(a)(1) is clear and unambiguous as to the voters' intent in passing Proposition 57, we need not consult the ballot materials to determine the initiative's meaning. (*Alliance*, *supra*, 45 Cal.App.5th at p. 238; *Chavez*, *supra*, 51 Cal.App.5th at p. 755 & fn. 10; see also *Gadlin*, *supra*, 31 Cal.App.5th at p. 789 [policy considerations "do not trump the plain text of" section 32(a)(1)].)

For all of the foregoing reasons, we conclude that the plain language of section 32(a)(1) requires early parole consideration to be based solely on the present offense of conviction.  We therefore conclude that the CDCR regulation (Cal. Code Regs., tit. 15, § 3491, subd. (b)(3)) is invalid insofar as it excludes from early parole consideration inmates who are sex offender registrants because of prior convictions.

## DISPOSITION

The petition for habeas corpus is granted.  The California Department of Corrections and Rehabilitation is directed to consider King for early parole within 60 days of the issuance of the remittitur.

CERTIFIED FOR PUBLICATION

MENETREZ_____

J.

We concur:

RAMIREZ_____

P. J.

SLOUGH_____

J.