Filed 12/19/14; pub. order 1/6/15 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| FRANCISCO RIVERO,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>LAKE COUNTY BOARD OF SUPERVISORS,<br><br>        Defendant and Respondent. | A139216<br><br>(Lake County<br>Super. Ct. No. CV411638) |

Plaintiff Francisco Rivero, the sheriff of Lake County (Rivero or sheriff), filed a petition for writ of mandate to compel defendant Lake County Board of Supervisors (county or board of supervisors) to provide him with independent legal counsel in a dispute with the district attorney. The impetus of the request was the district attorney's announced intention to designate Rivero as a *Brady*[1] officer, the consequence of which would be that, if Rivero were called to testify in a criminal trial, the district attorney would be required to disclose to the defense that Rivero had previously provided false information in an official investigation. The court granted the writ and directed the county to provide independent legal counsel for Rivero pursuant to Government Code section 31000.6.[2]

---

[1]*Brady v. Maryland* (1963) 373 U.S. 83.

[2]All further statutory references are to the Government Code unless otherwise specified.

1

After the district attorney chose to designate Rivero as a *Brady* officer, the county moved to clarify and limit the court's ruling providing Rivero with independent counsel. The court granted the motion and entered an amended judgment providing that the county's obligation to provide Rivero with independent counsel extended only to discussions and negotiations with the district attorney prior to the determination to list Rivero as a *Brady* officer.

On appeal from the amended judgment, Rivero argues that the trial court erred in limiting the scope of representation afforded to the sheriff under section 31000.6. We agree with Rivero. His right to independent counsel should have extended to a legal challenge to the district attorney's designation of the sheriff as a *Brady* officer while Rivero served as sheriff. We direct the judgment to be modified accordingly.

### FACTUAL AND PROCEDURAL BACKGROUND

Rivero was the elected sheriff of Lake County and assumed that office in January 2011. Roughly three years before becoming sheriff, Rivero was involved in an on-duty shooting incident while serving as a deputy sheriff. The sheriff's department and the district attorney investigated the incident but found no wrongdoing by Rivero.

In late 2011, nearly a year after Rivero assumed the office of sheriff, the district attorney announced that he had reopened the investigation of the shooting incident involving Rivero. The district attorney believed Rivero had been untruthful in statements made during the course of the investigation into that incident. The district attorney informed Rivero of the intention to deem him a *Brady* officer, in reference to the United States Supreme Court's decision in *Brady v. Maryland, supra,* 373 U.S. at page 87, in which the court held that due process principles require a prosecutor to disclose evidence favorable to the accused upon request. If Rivero were designated as a *Brady* officer, the district attorney would be obliged to inform any criminal defendant in a case in which Rivero might testify that he was subject to impeachment as a witness because of the district attorney's finding that Rivero had provided false information in an official investigation. The district attorney afforded Rivero the opportunity to participate in an

2

informal hearing in which he would be given the opportunity to oppose the district attorney's tentative decision to declare him a *Brady* officer.

Because Rivero was concerned about the detrimental impact that a *Brady* officer determination would have on his ability to perform his duties as sheriff, he requested legal assistance from county counsel for Lake County. County counsel responded that a conflict of interest prevented that office from representing either of the parties in a dispute between two county public officers. In a memorandum to the board of supervisors, county counsel recommended that Rivero be allowed to retain outside counsel at the county's expense to represent him in the dispute.

Rivero requested that the board of supervisors appoint independent counsel to assist him pursuant to section 31000.6. Despite county counsel's recommendation for appointment of counsel, the board of supervisors denied Rivero's request.

In March 2012, Rivero filed a petition for writ of mandate pursuant to Code of Civil Procedure section 1085 seeking to compel the county to appoint independent counsel for him. Rivero subsequently filed an amended petition for writ of mandate. Rivero prayed that the court issue a writ ordering the board of supervisors "to comply with its statutory duty to contract with and employ legal counsel to assist [Rivero] in the performance of his duties, to wit, the issue of the action by the District Attorney in declaring [Rivero] to be a 'Brady' officer and/or the appeal to the District Attorney of said action by the District Attorney."

The trial court granted the petition for writ of mandate. In its ruling granting the petition, the court found that Rivero had met his burden on each of the requisite elements under section 31000.6, subdivision (a). First, the court found that the requested legal representation would assist Rivero in the performance of his duties as sheriff. A determination that the sheriff is a *Brady* officer would adversely affect the sheriff's ability to participate in criminal investigations in view of the possibility that the sheriff could be impeached as a witness at trial. The court noted it was reasonably foreseeable the sheriff would become personally involved in criminal investigations and may be called as a trial witness in a rural county such as Lake County. The court also made a

finding that county counsel had a conflict of interest precluding county counsel's office from representing Rivero. The board of supervisors did not dispute that a conflict existed but argued that county counsel's office could implement an "ethical wall" allowing it to represent Rivero. The court rejected the board of supervisor's contention, finding the evidence insufficient to conclude that such an ethical wall could properly be set up. Finally, the court found that Rivero made a clear request for outside representation pursuant to section 31000.6.

The court concluded in its written ruling that Rivero was entitled to a writ of mandate ordering the county "to contract with and employ legal counsel pursuant to Government Code Section 31000.6(a) to provide legal representation and advice to petitioner Rivero in petitioner's deliberations with [the district attorney] concerning the District Attorney's proposed designation of petitioner as a '*Brady* officer' in future criminal proceedings wherein petitioner may testify as a witness." A judgment granting the writ of mandate was entered in November 2012. The judgment directs the issuance of a peremptory writ of mandate requiring the board of supervisors "to retain and pay for independent legal counsel for Petitioner Francisco Rivero pursuant to Govt. Code §31000.6." Neither the county nor Rivero appealed the judgment.

In March 2013, the county filed a motion for clarification of the trial court's judgment granting the writ of mandate. The county sought to clarify that its obligation to provide outside counsel to Rivero ended when the district attorney determined that Rivero was a *Brady* officer. The county noted that the district attorney had ultimately designated Rivero as a *Brady* officer following discussions with Rivero's appointed counsel. The county further noted that Rivero had initiated litigation against the district attorney challenging the determination. According to the county, Rivero had publicly expressed his desire to appeal the *Brady* officer determination "all the way to the Supreme Court," if necessary. County counsel opined that Rivero had no legal right to appeal a *Brady* officer determination and claimed the district attorney enjoyed absolute immunity in *Brady* matters. The county urged the court to clarify the scope of writ relief afforded by the judgment before Rivero filed "meritless lawsuits" at taxpayer expense.

4

In a May 2013 order, the court granted the county's motion for clarification. The court concluded that some clarification was required and framed the issue as "whether the legal representation ordered by the court was limited to the discussions with the District Attorney of the then-proposed 'Brady-listing' or whether the ordered representation extended beyond whatever listing decision was eventually made by the District Attorney." The court noted that its written ruling granting the request for independent counsel was clear and unambiguous as to the limited scope of representation, although the court acknowledged that the judgment granting the writ was considerably broader in scope. The court further stated that Rivero's pleadings could not reasonably be construed to include a request for legal representation at any point after the district attorney made its *Brady* officer determination. The court directed the issuance of an amended judgment clarifying that the county's obligation to provide independent counsel existed only until the district attorney had determined whether Rivero was to be identified as a *Brady* officer. An amended judgment filed in May 2013 provided in relevant part as follows: "That a peremptory writ of mandate issue commanding Lake County Board of Supervisors to contract with and employ independent counsel pursuant to Government Code section 31000.6 to represent petitioner Francisco Rivero in any discussions and negotiations with District Attorney Donald Anderson concerning and occurring prior to the District Attorney's final determination to identify and list petitioner as a 'Brady officer.' The ordered representation shall not extend to any post-determination representation or litigation."

Rivero filed a timely appeal from the amended judgment and writ of mandate.

## DISCUSSION

In reviewing a judgment on a petition for writ of mandate under Code of Civil Procedure section 1085, we apply the substantial evidence test in assessing the court's factual findings but exercise independent judgment on purely legal issues such as the interpretation of statutes. (*City of Oakland v. Oakland Police & Fire Retirement System* (2014) 224 Cal.App.4th 210, 226.)

5

Our analysis begins with the pertinent statute, section 31000.6, which sets forth the circumstances under which a county must provide independent counsel to a sheriff or assessor. Subdivision (a) of section 31000.6 provides: "Upon request of the assessor or the sheriff of the county, the board of supervisors shall contract with and employ legal counsel to assist the assessor or the sheriff in the performance of his or her duties in any case where the county counsel or the district attorney would have a conflict of interest in representing the assessor or the sheriff." Section 31000.6, subdivision (a) imposes a mandatory duty on the board of supervisors to retain independent counsel for the assessor or the sheriff when the conditions of the statute are satisfied. The duty arises when (1) the assessor or sheriff requests independent counsel, (2) the assessor or sheriff requires legal counsel to assist "in the performance of his or her duties," (3) county counsel or the district attorney has a conflict of interest in representing the sheriff or assessor, and (4) the county fails to demonstrate that an ethical wall can be created to resolve the conflict and permit county counsel or the district attorney to represent the sheriff or assessor. (§ 31000.6, subds. (a) & (c).)

If there is no dispute as to whether a conflict exists but the board of supervisors refuses to provide independent counsel to the sheriff or assessor, the proper legal recourse for the assessor or sheriff is to pursue a traditional writ of mandate under Code of Civil Procedure section 1085 to compel the board of supervisors to perform its duty under section 31000.6, subdivision (a). (*Strong v. Sutter County Board of Supervisors* (2010) 188 Cal.App.4th 482, 492 (*Strong*). Section 31000.6 sets forth an ex parte procedure for resolving whether a conflict exist and, if so, whether an ethical wall may be created to resolve the conflict. (See § 31000.6, subds. (b), (c), & (e); *Strong, supra,* 188 Cal.App.4th at pp. 491–492.) The ex parte procedure described in section 31000.6 is limited to the issues of whether a conflict exists and, if so, whether an ethical wall may be created to resolve the conflict. (*Strong, supra,* at pp. 491–492.) Here, because there was no dispute that county counsel had a conflict of interest that prevented its office from representing Rivero, the statutory ex parte procedure was inapplicable and Rivero properly pursued relief by filing a petition seeking a traditional writ of mandate.

6

There is no dispute that the county had a duty to provide independent counsel to Rivero or that Rivero was entitled to a writ of mandate. On appeal, the county does not dispute that Rivero requested the appointment of counsel, that the requested legal representation would assist Rivero in the performance of his duties, that county counsel had a disqualifying conflict, or that the conflict could not be resolved through the creation of an ethical wall. The sole issue raised on appeal is whether the trial court erred in limiting the scope of representation provided to Rivero pursuant to section 31000.6.

Rivero argues that once the court made findings supporting the existence of a duty to retain independent counsel, it could not place restrictions on the manner in which independent counsel carried out its representation of the sheriff. For its part, the county contends the court is required to identify the boundaries of the purpose for which representation is sought.

Rivero and the county both make valid points, but they are focusing on different aspects of the scope of representation. One aspect of the scope of representation is the issue or matter for which independent counsel must be provided. Another aspect of the scope of representation is the manner in which independent counsel is allowed to pursue the issue or matter that is the subject of its retention.

Plainly, the scope of representation under section 31000.6 must be limited to a particular issue, matter, or dispute. Section 31000.6, subdivision (a) requires the board of supervisors to employ legal counsel for the assessor or sheriff "in any case" where the requirements of the statute are met. "Necessarily, in deciding whether the board of supervisors had a duty to employ independent counsel for the [sheriff or] assessor under subdivision (a) of section 31000.6, the court would have to decide whether the *purpose* for which the [sheriff or] assessor seeks independent counsel is within the scope of his duties, because the duty arises only when that condition is satisfied." (*Strong, supra,* 188 Cal.App.4th at p. 492, italics added.) The purpose for which independent counsel is sought defines the scope of the representation—i.e., the issue or matter independent counsel is authorized to pursue.

7

We agree with Rivero that, once the court has made the necessary findings supporting the county's duty to provide independent counsel for the assessor or sheriff, the court generally cannot place limitations on the manner in which independent counsel carries out its representation, except to define the issue or matter that is the subject of the representation.[3] The plain language of section 31000.6, subdivision (a) imposes a mandatory duty upon the board of supervisors to provide independent counsel for the assessor or sheriff with respect to a dispute bearing upon the public official's performance of his or her official duties. We discern nothing in the language of section 31000.6 that authorizes the board of supervisors or a court to limit legal tactics or actions that might be reasonably pursued by independent counsel where the requisites of the statute are otherwise satisfied. (Cf. *Strong, supra,* 188 Cal.App.4th at p. 486 [plain language of section 31000.6 limits court's authority to act].) As long as the predicate for requiring the county to provide independent counsel remains unchanged, the court cannot place temporal or other limitations on the representation of the assessor or sheriff, such as limiting the authority of counsel to pursue an appeal or take other appropriate legal action.

Here, the purpose for appointing independent counsel was to challenge the district attorney's announced intention and ultimate determination that Rivero was a *Brady* officer. It is unquestioned that the designation as a *Brady* officer would bear upon the performance of the sheriff as long as Rivero remains in that office. Further, the dispute that gave rise to the duty to provide independent counsel did not end when the district attorney designated Rivero as a *Brady* officer. Until Rivero is no longer sheriff or that

---

[3]Obviously, we do not suggest that independent counsel is free to pursue frivolous or meritless actions. (Cf. § 31000.6, subd. (d) [sheriff's office or assessor's office must pay own legal costs and fees incurred in action found to be frivolous or in bad faith].) Independent counsel must necessarily comply with ethical rules and conduct itself in accordance with professional norms. We also note that the trial court retains jurisdiction to oversee and enforce the execution of the judgment and writ of mandate. (See *Estate of Bonzi* (2013) 216 Cal.App.4th 1085, 1103.) Consequently, the county may seek relief from the court if independent counsel pursues actions outside the scope of the representation.

decision is final—either because Rivero has chosen to accept it or because he has exhausted all reasonable and appropriate legal challenges to the decision—the predicate findings supporting the county's duty to provide independent counsel to Rivero remain unchanged. Consequently, it was error for the trial court to restrict Rivero's right to independent counsel to the period before the district attorney made its determination to list Rivero as a *Brady* officer. The limitation imposed by the court did more than simply define the dispute for which representation was to be provided; it restricted the legal options available to independent counsel in representing the sheriff in that dispute.[4]

The county's primary argument on appeal is that Rivero sought limited relief in the trial court and cannot now obtain relief that he did not request below. As we explain, we find no merit in this contention.

The county claims Rivero asked the court for representation only with respect to the determination by the district attorney concerning the *Brady* officer designation. While it is certainly the case that Rivero emphasized being represented prior to the

---

[4]We emphasize that the dispute is limited to the designation of Rivero as a *Brady* officer during his term as sheriff, including any direct legal challenges to that designation. Because the *Brady* officer designation is an issue unique to Rivero—i.e., it bears upon the performance of his duties as sheriff but does not otherwise affect the sheriff's office or the performance of anyone who may succeed Rivero as sheriff—the duty to provide independent counsel extends only to the period while Rivero is serving as sheriff. Further, the representation does not encompass any litigation that may arise out of the decision but does not directly challenge that decision, such as a defamation claim or other action seeking damages.

At oral argument on appeal, Rivero's counsel represented that there is no longer any pending legal challenge to the district attorney's decision to designate Rivero as a *Brady* officer. According to counsel, that legal challenge came to a conclusion at around the same time the trial court issued its amended judgment in this case. Consequently, the issue that this appeal will decide is who pays for the attorney fees and legal costs already incurred by Rivero in challenging the district attorney's decision. For purposes of clarification, although our disposition commands the board of supervisors to employ independent counsel for Rivero, that directive relates back to the judgment originally entered by the trial court. Therefore, the practical effect of our disposition is to require the county to pay for the attorney fees and costs previously incurred by Rivero in employing independent counsel to challenge the district attorney's *Brady* officer designation.

9

district attorney's determination, it is not the case that his request for relief was limited to being represented during those informal discussions with the district attorney. In his prayer for relief, he requested representation with respect to the "issue of the action by the District Attorney in declaring [Rivero] to be a 'Brady' officer . . . ." Rivero's request for relief is broad enough to encompass representation in any legal challenge to the district attorney's action. Further, based upon our reading of the record, Rivero focused upon being represented by counsel before the district attorney made his decision because it was critical to have input into that decision. Simply because Rivero sought to have representation before the district attorney made the *Brady* officer decision does not imply that Rivero had no need for representation after the decision was made.

The county also claims Rivero waived any right to representation after the district attorney made the *Brady* officer determination because he prepared a judgment consistent with the trial court's initial, written ruling limiting the scope of his representation. We disagree. The original judgment simply specified that Rivero was entitled to independent counsel pursuant to section 31000.6. It did not even specify the purpose for which counsel was to be provided. While the court's written ruling specified that Rivero would be entitled to legal representation in deliberations with the district attorney, that language was not incorporated into the judgment and, in any event, did not clearly indicate the representation would terminate when the district attorney issued a final decision. It was only after the county sought clarification that the judgment was amended to specify the purpose for which counsel was to be provided, including a limitation that the representation would not extend to any post-determination representation or litigation. Rivero cannot be deemed to have waived his right to challenge the scope of the original judgment when the terms of that judgment essentially placed no boundaries on the extent of the representation.

## DISPOSITION

The amended judgment and writ of mandate is reversed. The trial court is directed to enter a new and different judgment providing that Rivero is entitled to a peremptory writ of mandate commanding the board of supervisors to contract with and employ

10

independent counsel pursuant to section 31000.6 to represent Rivero during his tenure as sheriff in challenging the district attorney's announced intention and final decision to identify and list Rivero as a *Brady* officer. The amended judgment and writ of mandate shall specify that the county's duty pursuant to section 31000.6 extends to reimbursing Rivero for fees and costs incurred by him in employing independent counsel for this purpose while he was serving as sheriff. Rivero shall recover his costs on appeal.


_____

McGuiness, P.J.


We concur:


_____

Pollak, J.


_____

Siggins, J.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| FRANCISCO RIVERO,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>LAKE COUNTY BOARD OF SUPERVISORS,<br><br>        Defendant and Respondent. | A139216<br><br>(Lake County<br>Super. Ct. No. CV411638)<br><br>**ORDER CERTIFYING OPINION FOR PUBLICATION** |

**THE COURT:**

The opinion in the above-entitled matter filed on December 19, 2014, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

1

Trial court:             Lake County

Trial Judge:             Hon. Richard James Henderson

Counsel:


Counsel for Appellant, Francisco Rivero:

Paul R. Coble
Martin J. Mayer
James R. Touchstone
Ryan R. Jones
Jones & Mayer Law Firm


Counsel for Respondent, Lake County Board of Supervisors:

Thomas A. Cregger
Randolph Cregger & Chalfant LLP