Filed 8/10/15  In re Marriage of Seachrist CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of LYN L. and GREGORY S. SEACHRIST.<br><br>LYN L. BELL,<br><br>    Respondent,<br><br>        v.<br><br>GREGORY S. SEACHRIST,<br><br>    Appellant;<br><br>ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM,<br><br>    Respondent. | G050148<br><br>(Super. Ct. No. 94D10622)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Erick L. Larsh, Judge.  Affirmed.

Robert J. Wheeler for Appellant Gregory S. Seachrist.

David H. Lantzer for Respondent Orange County Employees Retirement System.

No appearance for Respondent Lynn L. Bell.

The Seachrists divorced in 1995. Because husband was a participant in the Orange County Employees Retirement System, part of the benefits he accrued in this system was community property. The parties stipulated to a domestic relations order, approved by the court, dividing their respective interests in the retirement system. The order provides: "Payments to the alternate payee [wife] shall be available, on application of the alternate payee to the plan administrator, on the same basis and at the same times as such benefits are actually paid to participant [husband] in accordance with *In re Marriage of Jensen* (1991) 235 Cal.App.3d 1137 [*Jensen*]." (Capitalization omitted.)

In 2013, wife filed a petition requesting distribution from the domestic relations order under *In re Marriage of Gillmore* (1981) 29 Cal.3d 418 [*Gillmore*]. She claimed entitlement to her share of retirement benefits although husband, though eligible for retirement, was still employed by the County of Orange and had indicated he did not intend to retire for some time. In an "order after hearing" dated July 14, 2014, the trial court granted the petition. On May 16, 2014, husband filed a notice of appeal from two minute orders that preceded the "order after hearing." But it is clear from the briefs that he intends to appeal from the July 14 order. We shall treat the notice of appeal as being from the latter order. (*Smith v. Smith* (1954) 126 Cal.App.2d 194, 195; *Seven Up Bottling Co. v. Grocery Drivers Union* (1950) 97 Cal.App.2d 623, 624-625.)

The Orange County Employees Retirement System was joined as a party because it is one of husband's contentions the retirement system, rather than he, should pay wife's share of the retirement benefits. In response to husband's opening brief, the retirement system filed a respondent's brief. Wife has not filed a response in this appeal. We affirm the postjudgment order.

DISCUSSION

*1. Introduction*

A comment about husband's opening brief. We do not appreciate attorney Robert J. Wheeler's filing a brief filled with a cacophony of pejorative hyperbole. He starts out with the following paragraph: "The appellant in this case, a current employee of the County of Orange and, a totally blameless individual, is the tragic victim of a legal crossfire between a totally unreasonable ex-wife, on the one side, and a heartless *nine billion dollar* government retirement system, on the other side—all to his substantial financial detriment." He calls the conduct of the retirement system "deplorable." Throughout the brief, Mr. Wheeler stresses the wealth of the retirement system, the insensitivity of its administrators in their refusal to just pay his (as we will show, unwarranted) demands, and the unreasonableness of the former spouse's request. This type of language is inappropriate and the implication that we should ignore the law to help Mr. Wheeler's "totally blameless" client does not serve his cause. We urge Mr. Wheeler to refrain from such conduct in the future.

*2. The Applicable Law*

Two cases answer the issues raised by this case: *Gillmore*, *supra,* 29 Cal.3d 418 and *Jensen*, *supra,* 235 Cal.App.3d 1137. Both deal with the distribution of pensions partially earned during a marriage that is subsequently dissolved.

In *Gillmore*, our Supreme Court held that a divorced employee spouse could not, by delaying retirement, deprive the former nonemployee spouse from receiving that person's appropriate share of the retirement income. Although the former husband in *Gillmore* was free to continue working, if he did so, he would be required to reimburse his former wife for the portion of the community property she lost because of his decision not to retire.

3

In *Jensen*, our court held that, under similar circumstances, unless retirement plans so provide, the court could not order the retirement system to start paying a former wife her interest in the retirement benefits until the former husband retired.

Thus, these two cases establish the duty of an employee spouse covered by a retirement plan who continues to work to pay the nonemployee spouse an amount equal to what that individual would be entitled to if the employee spouse had exercised the right to retire. And that is what the trial court ordered here.

In the trial court, husband argued the court could nevertheless order the retirement system to pay wife her share of his retirement, even though he had not yet retired, because he contended the enactment of Government Code sections 31685 through 31685.95, adopted in 1994, which extended certain powers to retirement systems where a member separates or divorces, overruled both *Gillmore* and *Jensen*. But he now seems to recognize these provisions would only have applied if the County Board of Supervisors had adopted them by resolution (Gov. Code, § 31685.96) and that no such adoption has taken place. He also no longer argues, as he did in the trial court, the court should order to Board of Supervisors to pass such a resolution.

Another argument advanced by husband is that by the terms of the parties' domestic relations order, wife has waived her rights under *Gillmore*. As noted, the order provides: "Payments to the alternate payee [wife] shall be available, on application of [wife] to the plan administrator, on the same basis and at the same times as such benefits are actually paid to participant [husband] in accordance with [*Jensen*]." (Capitalization omitted.) Husband relies on the phrase "at the same times as such benefits are actually paid to participant" and contends this limits wife's right to receive an earlier distribution on her share of his retirement benefits than he would be entitled to receive. But, we note the same clause also provides that the agreement is made "in accordance with . . . *Jensen*." And *Jensen* quotes from *Gillmore*: "While continuing employment, the

4

employee spouse retains responsibility for compensating the nonemployee spouse whose community property interest has been impaired by the employee spouse's decision to continue employment." (*Jensen, supra,* 235 Cal.App.3d at p. 1141.) And there is nothing in the record to suggest that, when the agreement was entered into, husband contemplated postponing his retirement beyond his eligibility date. So, at best, there is an ambiguity in the order and the trial court was entitled to resolve this ambiguity against husband. Furthermore, *In re Marriage of Cook* (1992) 2 Cal.App.4th 1606 holds "that unless a marital settlement agreement . . . contains an express unequivocal waiver, upon the employee spouse's eligibility to retire, the nonemployee spouse retains the right to receive his or her share of a community property pension." (*Id.* at 1608.)

Husband also contends the court lacked jurisdiction to issue its order. His argument arises from the confusion created by California's disparate use of the phrase "lack of jurisdiction." The simple answer is "the trial court retains jurisdiction to oversee and enforce the execution of the judgment . . . ." (*Rivero v. Lake County Bd. of Supervisors* (2014) 232 Cal.App.4th 1187, 1195, fn. 3.) The order appealed from merely enforced the earlier domestic relations order.

Husband also argues wife's claims are barred by res judicata, laches, equitable and judicial estoppel. The res judicata claim is based on the premise the trial court modified the earlier domestic relations order. The court did not do so; it merely interpreted the order. As to laches and equitable estoppel, husband fails to demonstrate prejudice from wife's failure to seek the relief earlier. As to judicial estoppel, this doctrine would be predicated on wife having earlier taken a contrary legal position. None has been demonstrated.

## DISPOSITION

The postjudgment order is affirmed. Respondent Orange County Employees Retirement System shall recover its costs on appeal.

RYLAARSDAM, ACTING P. J.

WE CONCUR:


FYBEL, J.


IKOLA, J.